# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SAMUEL CICALO,
      Plaintiff,

      v.

HUNT LEIBERT JACOBSON, P.C. and
CHRISTOPHER PICARD,
      Defendants.

No. 3:16-cv-339 (SRU)

## RULING ON MOTION TO DISMISS

Samuel Cicalo filed this action on March 1, 2016, against the law firm Hunt Leibert

Jacobson, P.C. ("Hunt"), and one of its attorneys, Christopher J. Picard, alleging multiple

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Cicalo alleges, inter alia, that the defendants sent false, deceptive, or misleading communications

in connection with their efforts to collect on a mortgage debt.  Cicalo also alleges that the

defendants failed to verify the debt in accordance with the FDCPA requirements.

On April 29, 2016, defendants moved to dismiss all claims for failure to state a claim

under the FDCPA.  On September 6, 2016, Cicalo filed a motion to amend his complaint.  The

proposed amended complaint ("Amended Complaint") seeks to add factual allegations in an

attempt to cure defects in the complaint.  The motion to amend will be granted and the motion to

dismiss will be considered against the Amended Complaint.

## I.      Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed

"merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which

might be offered in support thereof."  *Ryder Energy Distribution Corp. v. Merrill Lynch*

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (quotation marks omitted).  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely."  *Id.* at 556 (quotation marks omitted).

## II.     Background

The instant dispute arises out of a mortgage loan transaction between Cicalo and First Niagara Bank, N.A. ("First Niagara"), which closed in 2004.  On September 3, 2015, Hunt sent a letter on behalf of First Niagara, which stated that Cicalo owed the bank $115,058.54.  On September 10, 2015, Cicalo responded in writing, disputing the amount owed and demanding an

itemization of the debt.  On November 19, 2015, Picard sent Cicalo a letter confirming that the

amount set forth in the initial letter was accurate, and enclosing other documents related to the

debt.  Included in Picard's letter were (1) a copy of a prior letter from Hunt to Picard, dated

October 19, 2015, which disclosed a balance of $124,062.90, as of that date; (2) documents

disclosing a balance of $96,354.27 as of August 15, 2015; and (3) documents showing the

assignment of the note and mortgage by the predecessor of First Niagara to NewAlliance

Servicing Company, now known as First Niagara Servicing Company.

On November 24, 2015, Cicalo responded in writing, once again disputing the balance

and requesting an itemization of seven of the purportedly new charges set forth in Picard's

November 19, 2015 letter.  The defendants did not respond to Cicalo's November letter and

thereafter instituted a foreclosure action on behalf of First Niagara against Cicalo in December

2015.  On December 30, 2015, Cicalo once again disputed the balance listed in the foreclosure

action and requested an itemization of the debt.  Though defendants have not responded to the

December 30, 2015 letter, Hunt sent a letter that responded to what Cicalo alleges to be a non-

existent request for a reinstatement figure, which included additional charges.

On March 1, 2016, Cicalo filed the instant action, alleging that the charges claimed in the

various letters from the defendants were inconsistent, incorrect, or included amounts not

authorized by contract or law.  Cicalo also asserts that the charges included interest, costs, or fees

not awarded by the court.  Such misrepresentation of the debt, Cicalo argues, is in violation of

the FDCPA.

The defendants filed a Rule 12(b)(6) motion to dismiss (doc. # 10) on April 29, 2016,

contending that they are neither "debt collectors" nor are they engaged in "debt collection" under

the FDCPA.  Furthermore they assert a defense of absolute litigation immunity and argue that,

even if their conduct is regulated by the FDCPA, Cicalo fails to allege a plausible FDCPA claim.

On June 15, 2016, I held oral argument on the motion and then took the motion under

advisement.  On September 6, 2016, Cicalo filed a motion to amend his complaint, along with a

proposed amended complaint.  *See* Doc. # 45.

## III.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely

give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this liberal

standard, courts generally allow a party to amend its pleadings unless there has been "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [or] futility of amendment . . . ."  *Ruotolo v. City of New York*, 514

F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants' main contention is that granting leave to amend would deprive them of a

ruling on the motion to dismiss and may require an additional motion to dismiss.  Because I treat

defendants' motion to dismiss as applied to the Amended Complaint, they are not prejudiced by

the amendment.  Accordingly, I grant Cicalo's motion to amend (doc. # 45) and treat defendants'

motion to dismiss (doc. # 10) as directed to the Amended Complaint.

## IV.    Discussion

Cicalo brings his claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq.* ("FDCPA").  Specifically, Cicalo alleges that the defendants violated sections "1692e,

1692e(2)(A), 1692e(5), 1692f, *or* 1692g."  *See* Am. Compl. ¶ 44 (emphasis added).  It is unclear

why Cicalo uses the work "or" – perhaps he is not sure which claims he wishes to bring.

Though Cicalo sets forth the underlying facts in his complaint, he does not tie those facts to specific alleged FDCPA violations.  Thus, it is hard to figure out what violations he is actually alleging, along with which facts support such claimed violations.  Nevertheless, informed by the Amended Complaint, the memorandum in opposition to the motion to dismiss, and information supplied to me at oral argument, I have determined that Cicalo alleges that the defendants provided false, deceptive, or misleading information in connection with an attempt to collect on a debt.  *See* Am. Compl. ¶¶ 28-29.  Cicalo also alleges that the defendants failed to verify the debt as required by section 1692g.  *See* Am. Compl. ¶ 12.

In his complaint, Cicalo also includes a reference to section 1692f.  Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Nowhere in his complaint does Cicalo tie specific factual allegations to his section 1692f claim.  Because Cicalo does not advance an independent violation of that subsection, I dismiss the section 1692f claim.  *Ghulyani v. Stephens & Michaels Assocs., Inc.*, 2015 WL 6503849, at *2 (S.D.N.Y. Oct. 26, 2015) ("Where the allegations do not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA, plaintiff has not stated a claim for relief under section 1692f.") (internal quotation marks omitted).

 Accordingly, the only remaining claims relate to alleged violations of sections 1692e (false, deceptive, or misleading communication) and 1692g (improper verification).

Defendants assert two grounds for dismissal of all of Cicalo's claims.  First, defendants argue that they are not "debt collectors" under the FDCPA and thus cannot be held liable under the statute.  Second, defendants argue that, because the alleged actions were taken in connection with a foreclosure action brought against Cicalo, their conduct does not constitute "debt collection," and thus is not regulated by the FDCPA.

Defendants also assert three partial defenses to Cicalo's complaint.  First, they argue that they have absolute litigation immunity for actions taken in connection with their foreclosure action.  Namely, they assert that they cannot be held liable for sending a letter in response to the request for mediation, because the response letter was executed pursuant to a state statutory duty to do so.

Second, the defendants argue that, to the extent that Cicalo claims a violation of section 1692g(b), the defendants are not liable because they complied with the statute and verified the amount of the debt owed by Cicalo.

Finally, the defendants argue that, even if they are "debt collectors" who are engaged in "debt collection," Cicalo fails to state a claim for violation of section 1692e because Cicalo has failed to adequately allege a false, misleading, or deceptive communication.

I will address the arguments in turn.

A.  <u>Whether defendants are "debt collectors" under the FDCPA</u>

"The Supreme Court has made it clear that the FDCPA applies to attorneys 'regularly' engaging in debt collection activity, including such activity in the nature of litigation." *Goldstein v. Hutton*, 374 F.3d 56, 60 (2d Cir. 2004) (citing *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995)).  It is the plaintiff's burden to prove that the defendants are regularly engaged in debt collection activity.  *Id.*

Here, Cicalo alleges that each defendant "regularly collects, or attempts to collect, defaulted home mortgage debts."  Am. Compl. ¶ 30.  Furthermore, Cicalo alleges that the defendants sent multiple communications to Cicalo in an attempt to collect a debt owed by Cicalo to First Niagara.  Am. Compl. ¶¶ 9, 12.

Defendants counter by arguing that they are not "debt collectors" under the FDCPA because, rather than being regularly engaged in debt collection activity, they are only regularly engaged in the business of enforcing security agreements.  In support of their argument, defendants cite to *Pimental v. Wells Fargo Bank, N.A.*, 2015 WL 5243325 (D.R.I. Sept. 4, 2015), *report and recommendation adopted*, 2016 WL 70016 (D.R.I. Jan. 6, 2016), which provides that "a mailed communication by a person whose business the princip[al] purpose of which is the foreclosure of a mortgage cannot give rise to a cause of action under either § 1692e for false and misleading representations by a debt collector . . . ." *Id.* at *6.[1]

A closer read of *Pimental* shows that the defendants' contentions are not ripe for resolution at the motion to dismiss stage.  *See id.* at *9 (denying motion to dismiss).  Like the complaint in *Pimental*, the instant complaint alleges that the defendants are in the business of collecting mortgage debts.  The complaint does not allege that the defendants' letters were an effort to initiate foreclosure proceedings—nor does the complaint allege that the defendants are in the business of enforcing security interests.  Had it done so, it would be proper to address defendants' claim that they are not liable under the FDCPA for action taken to enforce a security interest.  However, at the current stage of the litigations, the allegations in the complaint must be taken as true.  Cicalo has adequately pleaded that the defendants are debt collectors under the statute. [2]

---

[1] The defendants also make reference to the fact that amendments to the FDCPA show that Congress did not wish to include lawyers under the definition of "debt collectors."  *See* Reply Memo in Support of Mot. Dismiss at 2-3.  Such an argument is unpersuasive because the amendments cited by the defendants, codified in sections 1692e(11) and 1692g(d), are not at issue in the instant case.

[2] It is also curious that the defendants assert they are not debt collectors, given that Hunt's collection letters state in no uncertain terms that "PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR." *See* Exhibit A in Support of Mot. Dismiss (Doc. # 10-1) (emphasis in original).

B.  Whether defendants are engaged in "debt collection" under the FDCPA

Circuit courts are split on the issue whether actions taken to enforce a security interest qualify as actions of "debt collection" under the FDCPA.  *Compare Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 461 (11th Cir. 2009), *and Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003), *with Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015), *cert. denied sub nom. Udren Law Offices, P.C. v. Kaymark*, 136 S. Ct. 794 (2016), *and Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006), *and Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006).  Although the Second Circuit has yet to address the issue, courts within the Circuit have held that "an enforcer of a security interest is only subject to § 1692f(6) and not to any other section of the FDCPA."  *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 362-63 (D. Conn. 2012).  In *Derisme*, the court held that a law firm was not engaged in debt collection under the FDCPA because it had "sought only to enforce its client's security interest in the foreclosure action and ha[d] not yet sought a money judgment."  *Id.* at 361.

Though this is an interesting issue that has yet to be resolved by our Circuit, it is not ripe for resolution at the motion to dismiss stage.  For the same reasons that Cicalo has adequately alleged that defendants are debt collectors, Cicalo has also adequately alleged that they were engaged in debt collection as opposed to the mere enforcement of a security interest.  Whether or not a defendant's actions were an attempt at debt collection or the mere enforcement of a security interest is a factual issue to be resolved at summary judgment or, if necessary, at trial.  *Cf. Derisme*, 880 F. Supp. 2d 339 at 362-63; *Wilson*, 443 F.3d at 379; *see also Pimental*, 2015 WL 5243325, at * 9.

8

C.  Whether defendants are entitled to absolute litigation immunity

Defendants argue that they are entitled to absolute litigation immunity for any actions taken in the scope of their representation of a client in litigation.  Defendants point to state law, which provides that "[i]t has been long established that there is an absolute privilege for statements made in judicial proceedings."  *Petyan v. Ellis*, 200 Conn. 243, 245 (1986) (citing *Briscoe v. LaHue*, 460 U.S. 325, 331-32 (1983)).

Though the Second Circuit has not addressed the issue directly, it has held that, unless otherwise provided, the term "communication" in the FDCPA includes legal pleadings. *Goldman v. Cohen*, 445 F.3d 152, 155-56 (2d Cir. 2006).  In *Goldman*, the Court held that the initiation of a lawsuit in state court seeking recovery of unpaid consumer debts constituted an "initial communication" under the FDCPA.  *Id.*

Courts in other circuits interpreting the FDCPA have held that "law firms acting as debt collectors are subject to the FDCPA and may not avoid liability by asserting common law litigation immunity."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 502 F. Supp. 2d 686, 697 (N.D. Ohio 2007), *aff'd*, 538 F.3d 469 (6th Cir. 2008), *rev'd and remanded on other grounds*, 559 U.S. 573 (2010); *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir. 2007) ("The statutory text makes clear that there is no blanket common law litigation immunity from the requirements of the FDCPA.").

In the instant case, the defendants have not cited any authority that absolves them from FDCPA liability for their statements made in connection with formal judicial proceedings.  More importantly, on the face of the complaint, it is impossible to determine whether the defendants' statements were made in connection with a legal proceeding.  Because it is impossible to decide the factual question whether litigation immunity applies to the defendants' statements, I decline to reach the legal question whether litigation immunity could shield a party from liability under

9

the FDCPA.  The defendants are not able to sustain the defense of litigation immunity at this

stage of the case.

D.  <u>Whether defendants verified the debt</u>

Defendants argue that Cicalo cannot prevail on a section 1692g claim because Cicalo

does not properly allege that they failed to comply with their statutory requirement to verify his

debt.  Section 1692g(b) provides that if, within 30 days following a debt collector's "initial

communication with a consumer in connection with the collection of any debt" as defined under

section 1692g(a),

> the consumer notifies the debt collector in writing . . . that the debt, or any portion
> thereof, is disputed, or that the consumer requests the name and address of the
> original creditor**, the debt collector shall cease collection of the debt, or any
> disputed portion thereof, until the debt collector obtains verification of the
> debt** or a copy of a judgment, or the name and address of the original creditor,
> and a copy of such verification or judgment, or name and address of the original
> creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).  When considering allegations under section 1692g, the

Second Circuit has emphasized that the FDCPA was intended to address "the recurring problem

of debt collectors dunning the wrong person or attempting to collect debts which the consumer

has already paid."  *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008)

(quoting S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).  Courts

in the Second Circuit have repeatedly held that "verification . . . does not require the debt

collector to do anything more than confirm the amount of the debt and the identity of the

creditor, and relay that information to the consumer."  *Ritter v. Cohen & Slamowitz, LLP*, 118 F.

Supp. 3d 497, 503 (E.D.N.Y. 2015) (quoting *Devine v. Terry*, 2014 U.S. Dist. LEXIS 138938, at

*26 (D. Conn. Sept. 30, 2014)); *Blanc v. Palisades Collection, LLP*, 2007 WL 3254381, at *7

(S.D.N.Y. Nov. 1, 2007) ("verification of a debt involves nothing more than the debt collector

confirming in writing that the amount being demanded is what the creditor is claiming is owed").[3]

Cicalo alleges that he requested a verification of his debt on September 10, 2015, including an "itemization" of the debt. *See* Am. Compl. ¶ 11. In response, Picard sent a letter verifying that the amount set forth in the defendants' initial communication with Cicalo was accurate. *See* Am. Compl. ¶ 12. Whether Picard complied with Cicalo's request for an "itemization" of the debt does not affect whether he verified the debt. *See Ritter*, 118 F. Supp. 3d at 502-03. Furthermore, the fact that Cicalo requested a second verification does not give rise to FDCPA liability. *See Ritter*, 118 F. Supp. 3d at 501 (citing *Hawkins–El v. First American Funding*, 891 F. Supp. 2d 402 (E.D.N.Y. 2012), *aff'd*, 529 F. App'x 45 (2d Cir. 2013)) (debt collector not required to respond to subsequent requests for verification if it has already verified the debt).

The only substantive requirement under section 1692g is that Picard "confirm the amount of the debt and the identity of the creditor." *Ritter*, 118 F. Supp. 3d at 503. The Amended Complaint asserts that Picard's verification letter "falsely claim[ed]" that Picard had contacted his client, First Niagara, to confirm the amount of the debt. Am. Compl. ¶ 12. That allegation is insufficient to establish that the debt collector is liable under section 1692g for improper verification. Rather, Cicalo's allegation admits to the fact that Picard sent a letter that confirmed the amount of the debt and the identity of the creditor. Whether Picard's statement contained a falsehood is a claim that is properly brought under section 1692e (false statement in connection with an attempt to collect a debt).

---

[3] I recognize that certain courts outside of the Second Circuit have imposed stricter verification standards. *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777 (6th Cir. 2014), *reh'g denied* (Aug. 8, 2014). I do not find that authority persuasive.

E.  Whether Cicalo has stated a claim for violation of 15 U.S.C. § 1692e

Defendants next argue that Cicalo's section 1692e claim should be dismissed because Cicalo has failed to allege that the defendants made any false, deceptive, or misleading statements in connection with their attempt to collect on Cicalo's debt.

Section 1692e prohibits "the use of *any* false, deceptive, or misleading representation in a collection letter . . . ."  *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) (emphasis in original).  A collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).[4]

In order to state a claim under section 1692e, the factual allegations relating to false or deceptive statements must be sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint that contains legal conclusions "couched as factual allegations" must be dismissed.  *See Iqbal*, 556 U.S. at 678.  Accordingly, "it is not enough to allege that the complained-of statements were false."  *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 191 (S.D.N.Y. 2009).  Rather, a plaintiff "must plead facts that, when taken as true, give rise to a plausible inference that the statements are false."  *Id.*

A series of collection letters are not deceptive merely because they contain different amounts of the debt owed.  *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 787 (6th Cir. 2014).  A collection letter will comply with the FDCPA so long as it accurately explains how and why the amounts set forth in the various letters are different.  *See Haddad*, 758 F.3d at 787.  However, conflicting statements "could confuse the least sophisticated consumer" with respect to the amount of debt owed.  *Suquilanda v. Cohen &*

---

[4] Similarly, section 1692g(a)(1) requires a debt collector to state the amount that is owed by the debtor.  15 U.S.C. § 1692g(a)(1).  Implicit in that requirement is a requirement that the debt collector state the correct amount that is owed.  *See Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007).

*Slamowitz, LLP*, 2011 WL 4344044, at *8 (S.D.N.Y. Sept. 8, 2011).  Whether a letter violates

the prohibition on deceptive statements often cannot be resolved at the motion to dismiss stage.

*Cf. id.*; *Himes v. Client Servs. Inc.*, 990 F. Supp. 2d 59, 65 (D.N.H. 2014); *Suquilanda*, 2011 WL

4344044, at *8.

In his complaint, Cicalo alleges that he received multiple communications regarding the

debt he allegedly owed to First Niagara.  The first letter he received, on September 3, 2015,

claimed a balance of $115,058.54.  Am. Compl. ¶ 9.  After disputing the balance in writing,

Cicalo received a response letter on November 19, 2015, which confirmed the amount set forth

in the initial communication on September 3, 2015.  Enclosed in that letter were two other

documents, which stated different balances owed at different times.  The first document, dated

October 19, 2015, was a letter from Hunt to Picard, disclosing a total balance of $124,062.90 as

of October 19, 2015.  *Id.* at ¶ 16.  The second document disclosed a principal balance of

$96,354.27 as of August 15, 2015.  Cicalo alleges that the charges claimed in the various

documents "were inconsistent, incorrect, or included amounts not authorized by contract or law."

*Id.* at ¶ 28.  Cicalo also contends that the charges included interest, costs, or fees not awarded by

a court.  *Id.* at ¶ 29.

Defendants contend that those allegations do not plausibly support a section 1692e claim.

They argue that Cicalo's allegations amount to bare assertions and that such assertions are

insufficient to support a motion to dismiss.  Notwithstanding defendants' skeptical view of

Cicalo's theory of the case, he has alleged facts that, if true, plausibly state a claim under section

1692e.  Cicalo states that he received communications that set forth three different amounts of

the debt he owes.  He further alleges that at least one of them—and possibly all of them—are

incorrect.

13

Defendants point out that the balance of $96,354.27 represents a principal balance and not the total balance owed on the debt.  Even if that were true, and it appears to be, Cicalo alleges that the total balance of his debt grew from $115,058.54 to $124,062.90 in about six weeks.  Although discovery may point out that the fairly substantial increase in total balance reflects the imposition of fees, interest, or other penalties that Cicalo legitimately owes, the sheer amount of the increase makes it plausible that one or more of those amounts is not accurate.  If one or both of the amounts is incorrect, the defendants would likely have violated section 1692e's prohibition on false statements in connection with an attempt to collect on a debt. Accordingly, Cicalo is entitled to discovery to determine which, if any, of the charges are improper.

## V.        Conclusion

For the foregoing reasons, Cicalo's motion to amend the complaint (doc. # 45) is granted and the motion to dismiss (doc. # 10), as applied to the Amended Complaint, is granted in part, denied in part.  Defendants' motion to dismiss any claims brought under section 1692f and 1692g is granted.  The motion to dismiss the claim brought under section 1692e is denied.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of January 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

14