UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAMUEL M. CICALO,
     Plaintiff,

v.

McCALLA RAYMER LEIBERT PIERCE,
LLC and CHRISTOPHER J. PICARD,
     Defendants.

No. 3:16-cv-0339 (SRU)

## RULING AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Samuel Cicalo filed this action on March 1, 2016, against the law firm Hunt Leibert Jacobson, P.C. ("Hunt")[1], and one of its attorneys, Christopher J. Picard, alleging multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Doc. # 1.) On April 29, 2016, the defendants moved to dismiss all claims for failure to state a claim. (Doc. # 10.) Thereafter, on September 6, 2016, Cicalo filed a motion to amend his complaint in which he sought to add factual allegations in an attempt to cure perceived defects in the complaint.[2] (Doc. # 45.) On January 10, 2017, in a single ruling, I granted Cicalo's motion to amend his complaint and, construing the defendants' earlier motion to dismiss as applied to the Amended Complaint, I dismissed the claims brought under sections 1692f and section 1692g, leaving allegations regarding potential violations of 15 U.S.C. § 1692e as the only remaining claims in this case. (Doc. # 58.) On March 30, 2017, Cicalo filed a motion for partial summary judgment on his remaining claims.[3] (Doc. # 70.) On May 22, 2017, the defendants filed an

---

[1] Hunt Leibert Jacobson, P.C., has since merged with another firm and together they are now known as McCalla Raymer Leibert Pierce, LLC ("McCalla").
[2] Cicalo's motion to amend his complaint attached his proposed First Amended Complaint (the "Amended Complaint"), which Cicalo eventually refiled as a separate document at doc. # 61.
[3] Although in his brief in support of his motion for reconsideration, Cicalo argues that he heretofore has sought only partial summary judgment (doc. # 85-1, at 8), Cicalo's original summary judgment briefing is not perfectly clear on

opposition to Cicalo's motion motion for summary judgment, which included a cross-motion for summary judgment. (Doc. # 73.) On August 10, 2018, I entered an order denying Cicalo's motion for summary judgment and granting the defendants' cross-motion for summary judgment, and thus directed that this case be closed. (Doc. # 83.) Cicalo has since moved for reconsideration of my August 10 ruling. (Doc. # 85.) Perhaps relying on what they perceive to be a lack of merit to the arguments in Cicalo's latest motion, the defendants have not filed any response. Although I now grant Cicalo's motion for reconsideration, for the reasons stated below, I deny the requested relief. I thus adhere to my earlier decision granting summary judgment in favor of the defendants.

**I.     Background**

I assume all parties' familiarity with the relevant facts and procedural history, and, for a brief statement of the facts relevant to Cicalo's motion for reconsideration, refer interested readers to my original ruling granting summary judgment.

**II.    Legal Standard**

The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of

---

this issue. As will be pointed out below, the nature of Cicalo's motion for summary judgment is not relevant to any aspects of my decision on Cicalo's present motion for reconsideration.

controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, et al., *Federal Practice & Procedure* § 4478).

Cicalo does not point to any intervening changes in controlling law or newly available evidence, so I consider here only whether reversal of my original ruling is necessary to correct clear error or prevent manifest injustice.

**III. Discussion**

Cicalo makes four distinct arguments in his motion for reconsideration. Because each argument can be disposed of fairly quickly, I simply address each below, in turn[4]:

First, Cicalo argues that it was "manifestly unjust" to base any part of my original ruling on my observation that he had failed to adduce sufficient evidence that the defendants were regularly engaged in debt collection activity. (Pl.'s Br. at 1, doc. # 85-1.) The issue of regular engagement in debt collection activity is relevant because only debt collectors are subject to the relevant provisions of the FDCPA, *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004), and, in order to qualify as debt collectors, the defendants must "regularly" engage in debt collection activity, *id.* at 61.[5] Cicalo now contends that I should not have based my original ruling on factors that were not previously argued and that "no party understood to be at issue". (Pl.'s Br. at 2.) I note that, because the regularity of a

---

[4] I note, as a general matter, that Cicalo appears to be, at best, stretching the limits of the purposes of a motion for reconsideration. Assuming a lack of new evidence or change in controlling law, motions for reconsideration are only suitable in situations of clear error or to prevent manifest injustice. They should not be used to prolong earlier disputes or present evidence that could have, but was not, raised in earlier briefing. A motion for reconsideration "is not favored and is properly granted only upon a showing of exceptional circumstances". *Nashkin v. Holder*, 360 F. App'x 192, 194 (2d Cir. 2010) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). Cicalo's motion fails to even approach that standard, and, for example, frequently fails even to cite controlling precedent in support of its arguments.

[5] The defendants could alternatively qualify as debt collectors if the "principal purpose" of their business was debt collection activity, *id.*, but there has been no evidence put forward that could provide a basis for finding that that is the case.

3

party's debt collection activity can be essential to a finding that it is liable under the FDCPA, the argument that no party understood the question of regularity to be at issue is somewhat surprising. Regardless, as I stated in my original ruling, because the defendants had not moved for summary judgment on the basis of a lack of regularity to their debt collection activity, "I [did] not grant summary judgment in their favor for that reason alone." (Ruling on Cross-Mots. for Summary Judgment at 13, doc. # 83.) To the extent there was ambiguity in my original statement, I now clarify that I granted summary judgment to the defendants on other grounds. Accordingly, there is no manifest injustice created by my observation that evidence was lacking regarding the regularity of the defendants' debt collection activity. I therefore decline to modify my original ruling on that basis.

Second, Cicalo argues that I should not have granted summary judgment to defendants on the basis of the immateriality of a $7,329 *understatement* of the amount of Cicalo's debt.[6] (Pl.'s Br. at 3-6.) Implicitly conceding that the materiality of a misstatement is relevant to a least-sophisticated-consumer analysis, Cicalo asserts that the least-sophisticated-consumer would concern him or herself with the absolute dollar amount of a misstatement as opposed to the ratio of the misstatement to the total debt. (Pl.'s Br. at 3.) Moreover, even assuming the absolute dollar amount of an *overstatement* was the most appropriate measurement, Cicalo has failed to cite to any cases suggesting that the *understatement* at issue here must be material. At this stage

---

[6] As a preliminary matter, I note that Cicalo complains in his motion that it was inappropriate for me to have addressed the issue of materiality because I did not "benefit from adversarial briefing" on this issue, and the issue was, accordingly, waived. (Pl.'s Br. at 3, 5.) Cicalo's argument on this point is without merit. As my original ruling made clear, the materiality of a false or misleading representation in a collection letter is a component of the least-sophisticated-consumer standard according to which such representations must be analyzed (*see* Ruling on Cross-Mots. at 15-17), and which is the very standard that Cicalo correctly pointed to in his original summary judgment brief (*see* Pl.'s Mem. in Support of Mot. for Summary Judgment at 4 ("The standard used to determine whether something is deceptive or misleading is whether the 'least sophisticated consumer' could have been deceived or misled")). There was therefore no additional issue here about which briefing was lacking—any misstatements adduced by Cicalo at the summary judgment stage simply failed to constitute misleading statements according to the appropriate least-sophisticated-consumer analysis.

4

in the proceedings, I deem his argument regarding materiality insufficient to suggest clear error in my original ruling.

Cicalo also attempts to argue, seemingly in the alternative, that misstatements need not be material to violate the FDCPA.[7] (Pl.'s Br. at 3-4.) In my original ruling, I noted that the Second Circuit has yet to definitively address that argument, but noted that other circuits have adopted a materiality requirement, and I cited to an unpublished Second Circuit decision doing the same. (Ruling on Cross-Mots. at 15-16 (citing *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012)).) Notwithstanding those precedents, Cicalo argues that there is no *de minimis*/materiality exception to FDCPA liability, relying principally on out of circuit cases, and citing to two inapposite Second Circuit cases.[8] As my original ruling also noted, numerous other district courts in this Circuit have also found a *de minimis*/materiality requirement. *See, e.g.*, *Gabrielle v. Law Office of Martha Croog*, 2012 WL 460264, at *2 (D. Conn. Feb. 9, 2012); *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011); *Klein v. Solomon & Solomon, P.C.*, 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011). There is no clear error in my holding on the issue.[9]

---

[7] For part of his argument on this point, Cicalo relies on an allegation that the defendants' statement violated section 1692g. (*See* Pl.'s Br. at 3.) In making that argument (in addition to failing to cite any controlling precedent), Cicalo is proceeding in clear disregard of my ruling on the defendants' motion to dismiss, wherein I dismissed any claims brought under section 1692g. (*See* Ruling on Mot. to Dismiss at 14, doc. # 45.)

[8] It is particularly instructive that the Second Circuit decisions cited by Cicalo are themselves cited by the Second Circuit in *Gabriele*, the aforementioned unpublished Second Circuit decision, and yet the *Gabriele* Court did not hold that those earlier decisions prevented the Court from deciding that not every technically false representation amounts to a violation of the FDCPA, or from approvingly summarizing the district court cases that had found a materiality requirement. *Gabriele*, 503 F. App'x at 93-96.

[9] Despite Cicalo primarily arguing that my original ruling erred in adopting a materiality requirement, he has attempted to support his motion for reconsideration by filing a Notice of Additional Authority that proffers a Ninth Circuit opinion that acknowledged a materiality requirement. (Doc. # 86.) Needless to say, that non-controlling authority does not reveal clear error in my original adoption of a materiality requirement. It is separately worth noting that, although Cicalo now argues that the materiality of a misstatement should be a question left for the jury, that is both inconsistent with other courts' decisions on this issue, *see, e.g.*, *Lane*, 767 F. Supp. 2d at 388-90 (finding immateriality at the motion to dismiss stage), and unsupported by the Second Circuit case to which Cicalo cites for this point, *see Azrielli v. Cohen Law Offices*, 21 F.3d 512, 518-19 (2d Cir. 1994) (holding that summary judgment was inappropriate in securities fraud case only because the plaintiffs had made an adequate showing that the claimed

Third, Cicalo asserts that I erred when I held the document he describes as a second validation notice to not be misleading, because I failed to consider the purported validation notice in the context of the foreclosure complaint to which it was attached. (Pl.'s Br. at 6-8.) As a preliminary matter, Cicalo's argument is misplaced: My original ruling held that the purported validation notice was not sent in connection with the collection of a debt and thus was not capable of violating section 1692e—a holding that *did* rely on consideration of the full context of the foreclosure complaint. (Ruling on Cross-Mots. at 14-15.) Cicalo's assertion is also incorrect: I did consider the full context of the foreclosure complaint in determining that the purported validation notice was neither inaccurate nor misleading. (Ruling on Cross-Mots. at 24-26.) Finally, Cicalo's briefing does not actually support his assertion that I failed to consider the purported validation notice in the appropriate context, and instead appears to be a platform to attempt to reargue his contention that the notice was misleading.[10] That is not an appropriate argument for a motion for reconsideration, and I decline to modify my original holding that the purported validation notice does not violate section 1692e.

Fourth, and finally, Cicalo argues that granting complete summary judgment to the defendants was inappropriate, because the summary judgment briefing and ruling were only directed to *partial* summary judgment, and therefore did not request or address disposition of Cicalo's claim that "defendants included amounts not owed in the total demanded." (Pl.'s Br. at 8-9.) Specifically, Cicalo argues that the allegations in paragraphs 28 and 29 of his Amended Complaint went unaddressed in the summary judgment briefing and my original ruling. That

---

misrepresentations were material). Cicalo has failed to offer any evidence, reasoning, or authority demonstrating that the materiality of the understatement at issue here should be decided by a jury.

[10] I note that Cicalo's argument appears to assume that the purported validation notice was misleading because it was inaccurate, even though my original ruling determined that the notice was not inaccurate, and Cicalo's current motion does not address the reasoning of my original ruling on that point.

6

argument is without merit. In their cross-motion for summary judgment, the defendants squarely addressed Cicalo's ambiguous allegation in paragraph 28 of the Amended Complaint that the charges claimed were "inconsistent, incorrect or not authorized by law", and the speculation in paragraph 29 of the Amended Complaint that such inconsistent, inaccurate, or unauthorized charges resulted from the inclusion of "interest, costs or fees not awarded by a court". (Am. Compl. at ¶¶ 28-29; *see* Def.'s Br. at 18-20, doc. # 73.) Moreover, my original ruling accounted for the defendants' argument that there was no evidence to support the allegations in paragraphs 28 and 29. My original ruling, which found no 1692e liability, discussed the impact of a $7,329 discrepancy in charges because there was no evidence of any other improper charges in the record. To the extent that Cicalo now argues that granting the defendants' cross-motion for summary judgment on the issue of section 1692e liability was inappropriate because discovery had not, at that time, allowed sufficient development of facts essential to justify his opposition, Cicalo should have followed the procedure set out in Federal Rule of Civil Procedure 56(d), as opposed to lodging an untimely argument in the present motion for reconsideration.[11]

## IV. Conclusion

For the reasons stated, I grant the motion for reconsideration (doc. # 85), but deny the requested relief. I decline to modify my prior order granting the defendants' cross-motion for

---

[11] It is worth noting that Cicalo's opposition to the defendants' cross-motion for summary judgment was only about one page in length, and appeared to devote much of that space to arguing that the "cross-motion is superfluous, since the Court can enter summary judgment for the nonmoving party as to the issues raised by the moving party", and declaring that "the Court may not consider any new arguments defendants may assert" in the cross-motion. (Pl.'s Opp. Br. at 1, 2 n.1, doc. # 76.) Although Cicalo was entitled to move for only partial summary judgment, the defendants were likewise entitled to move for complete summary judgment, and they did so. To the extent Cicalo, in arguing that only partial summary judgment was rendered in my original ruling, is currently trying to rely on his opposition brief's wishful assertion that I could not consider any new arguments asserted in the defendant's cross-motion, that argument was incorrect then and frivolous now.

summary judgment with respect to all of Cicalo's then-remaining claims.  (Doc. # 83.)  The case will remain closed.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of March 2018.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge